PEOPLE ex rel. AM. BIBLE SOCIETY v. COMRS. 491

Hun.]      First Department, March Term, 1894.

The People of the State of New York ex rel. The American Bible Society, Respondent, v. The Commissioners of Taxes and Assessments for the City and County of New York, Appellants.

*Levy of a complete tax on May first — a law passed April twenty-ninth is applicable thereto.*

Where the levy of a tax did not become complete prior to the 1st day of May, 1893, an act of the Legislature which became a law on the 29th day of April, 1893, and, by its provisions, went into effect immediately, is applicable to the assessment of such tax for the year 1893.

Appeal by the respondents, The Commissioners of Taxes and Assessments for the City and County of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of January, 1894, directing that a peremptory writ of mandamus issue requiring the respondents to remit a proportion of the tax assessed and levied for the year 1893 on certain real estate of the relator.

The American Bible Society was a religious corporation incorporated under the laws of the State of New York for the purpose of spreading the Christian religion. Such society owned certain real estate in the city of New York on which was a building known as the Bible House. The society used 58,483 square feet of the floor room thereof exclusively for the purpose of its organization, of the rental value of $50,388, and it offered for rent the remaining part of the building, to the extent of 61,284 square feet, of the rental value of $52,800. Such real estate was assessed in the year 1893 for $400,000, and the society was taxed thereupon the sum of $7,288.

The society made an application under chapter 498 of the Laws of 1893 for the partial remission of its tax for the year 1893, which was refused by the commissioners of taxes and assessments in and for the city and county of New York, who denied that such act authorized them to remit any tax prior to that of the year commencing the 2d Monday in January, 1894.

Chapter 498 of the Laws of 1893 provides:

" The real property of a corporation   *   *   *   organized exclu-

492   PEOPLE ex rel. AM. BIBLE SOCIETY v. COMRS.

First Department, March Term, 1894.          [Vol. 76.

sively for   *   *   *   religious   *   *   *   (or) missionary   *   *   *
purposes   *   *   *   and used exclusively for carrying out thereupon
one or more of such purposes, shall be exempt from taxation.   *   *   *

"If a portion only of any lot or building of any such corpora-
tion   *   *   *   is used exclusively for carrying out thereupon one
or more of such purposes of any such corporation   *   *   *   then
such lot or building shall be so exempt only to the extent of the value
of the portion so used, and the remaining portion of such lot or
building to the extent of the value of such remaining portion shall
be subject to taxation.   *   *   *"

*James M. Ward,* for the appellants.

*Frederick S. Duncan,* for the respondent.

Per Curiam :

The one question which is presented upon this appeal is whether
the act of the Legislature becoming a law on the 29th of April,
1893, and which by its provisions went into effect immediately,
exempted the property of the relator from the taxes which were
levied during the year 1893.

It is urged on the part of the appellants that such exemption can-
not be claimed because it would make the operation of the act
retrospective. It will be observed that such cannot be the effect of
the statute, since the levy of the tax does not become complete in
the city of New York prior to the first of May, any party having
the right to apply to the commissioners at any time prior thereto
and subsequently to the opening of the tax books for relief against
erroneous taxation.

The order appealed from should, therefore, be affirmed, with costs.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Order affirmed, with costs.